In a prosecution for assault to murder, it was not fundamental error to fail to submit the issue of aggravated assault, where there was but little testimony tending to raise the issue.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2646; Dec. Dig. ☞1038(1).]

Appeal from District Court, Wilson County; F. G. Chambliss, Judge.

Felix Tudyk was convicted of assault to murder, and he appeals. Judgment affirmed.

J. E. Canfield and King & West, all of Floresville, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault to murder, and his punishment assessed at two years' confinement in the state penitentiary.

Appellant went to trial without an attorney. He made no motion to postpone the case, nor expressed any desire for time to secure an attorney. The court appointed an attorney to file a plea asking for a suspension of sentence, and this was submitted to the jury by the court, but the jury refused to recommend a suspension of the sentence.

After appellant had been convicted the appellant's relations employed attorneys, and they filed a motion for a new trial. In it they do not contend that any testimony was improperly admitted, or, if a new trial was granted, they could or would be able to adduce any additional testimony in regard to the shooting of John Olenik by appellant. No sworn motion is filed setting forth any additional testimony that could be adduced if a new trial was granted.

[1] The only bill of exceptions in the record is that one of the state's witnesses was seen drinking whisky during the trial of the case. No exceptions were reserved to the charge of the court, but in the motion for a new trial it is contended the court should have submitted the issue of aggravated assault. Appellant testified that he and a woman named Lucy Ciomperlik started rabbit hunting; that they saw John Olenik and Willie Schmidt in the watermelon patch, and Lucy Ciomperlik told him to shoot and frighten the boys, and he shot to frighten them with no intention of shooting Olenik. This would tend to raise the issue of aggravated assault. However, Lucy Ciomperlik swears she did not tell appellant to shoot and frighten the boys; that when they came up with the boys she left appellant and went to talk to John Olenik, and while she was talking to Olenik appellant shot him; that there was nothing said at any time about shooting to frighten the boys. John Olenik swears that when Lucy Ciomperlik began talking to him appellant cursed him and called him a "G——d d——n son of a b——h," saying, "I am going to shoot you," and fired on him, the shot ranging from his head to his

knees. The only other witness present, Willie Schmidt, testifies that when Lucy Ciomperlik commenced to talk to Olenik, appellant cursed Olenik and then shot him. All three of them positively refute the idea there was no intent to shoot Olenik; they all swear to a specific intent, and when it is made manifest that the shot scattered from Olenik's head to his knees, it is apparent that Olenik, Schmidt, and Miss Ciomperlik are supported by the physical facts when they swear that the gun was aimed directly at Olenik, and appellant "did not shoot over him and the shot fall on Olenik," as appellant testified.

[2, 3] We have carefully reviewed the record, and we cannot say the trial court erred in not granting a new trial. The writer will say that he is of the opinion had he been trying the case he would have submitted the issue of aggravated assault on the testimony of appellant, as his testimony slightly raises that issue, although all other eyewitnesses dispute him most emphatically on the testimony tending to raise that issue; but the Legislature has provided that if there is no objection to the charge before it is read to the jury, and under this statute we cannot consider grounds assigned after verdict in the motion for a new trial unless fundamental error is presented and we cannot hold that it is fundamental error to fail to submit an issue that, taking the testimony as a whole, there is but little testimony tending to raise such an issue.

The judgment is affirmed.

---

GOMEZ v. STATE.  (No. 4043.)

(Court of Criminal Appeals of Texas. April 12, 1916.)

**1. CRIMINAL LAW ☞1097(4)—APPEALS—RECORDS—STATEMENT OF FACTS.**

Contentions on appeal that the conviction was contrary to the law and the evidence, and was not supported by the evidence, cannot be considered, where the record contained no statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2934, 2938, 2939; Dec. Dig. ☞1097(4).]

**2. CRIMINAL LAW ☞1175—VERDICT.**

Contentions, in the motion for a new trial, that the verdict was written on an indictment, but did not show which defendant was convicted of the charge, presented no reversible error, where a severance had been obtained and appellant alone was on trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3179–3182; Dec. Dig. ☞1175.]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

A. Gomez was convicted of sodomy, and he appeals. Affirmed.

Johnson, Matthaei & Thompson, of Bellville, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of sodomy, his punishment being assessed at five years' confinement in the penitentiary.

[1] The indictment is attacked as being insufficient. It follows the form laid down by Judge Willson in Willson's Texas Criminal Forms No. 261, which has been held sufficient in its averments to state this character of case of sodomy. There were no exceptions to the charge. The motion for new trial is based: First, upon the insufficiency of the indictment; second, that the verdict of the jury is contrary to the law and the evidence; and, third, that the verdict is not supported by the evidence introduced by the state. The first proposition has been met by reference to Judge Willson's forms. The second and third grounds may be answered by stating that the record is before us without a statement of facts.

[2] It was also contended in the motion for new trial that the verdict of the jury is written on an indictment, but does not show which defendant was found guilty of the charge of sodomy. Gomez, appellant, alone was on trial, a severance having been obtained. As this record is presented to the court, we find no reversible error.

The judgment will therefore be affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes